### MORRIS ET AL. *vs.* KEMP.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. HELENA.

A sale of property inherited by a minor, ordered by a family meeting not convoked for that purpose, and which is not shown to be necessary, is null and void, and will be set aside, on an opposition to a monition for its confirmation.

A family meeting, convoked for specific and different purposes, is without authority *to order a sale* of property inherited by a minor, whose interests they are called on to protect.

This is an appeal from a judgment of the Court of Probates of the parish of St. Helena, homologating and confirming the probate sale of a tract of land to the defendant. The facts show, that Margaret M. Morris was the wife and surviving widow of Presley Stephenson, deceased, and administratrix of his succession; and also natural tutrix of a minor daughter, sole issue of the marriage. She afterwards married one A. R. Morris, and presented a petition to the probate judge, praying that "a family meeting, composed of the relations and friends of her minor daughter, be convoked, to deliberate on the propriety of retaining her in the tutorship, and also to deliberate on other matters relating to the administration of said estate."

A family meeting was convoked, accordingly, which confirmed the petitioner as tutrix, and her husband as co-tutor, of her minor daughter, and appointed J. K. Gorman under

EASTERN DIST. tutor, and administrator of the estate of Presley Stephenson,
January, 1840. deceased.    The meeting further declared, that the estate
─────────── was indebted ten thousand, seven hundred and fifty-five
MORRIS ET AL. dollars, and ordered that it be sold, at probate sale, on certain
*vs.* terms and conditions.
KEMP.

The proceedings of this family meeting were homologated, and the sale of the property decreed, by the Probate Court, accordingly.    At the sale, Merrit G. Kemp became the purchaser of a tract of land, containing five hundred and forty acres, for the price of two thousand three hundred and ten dollars.    He took out his monition to have the sale confirmed.

Mrs. Morris, as tutrix of her minor daughter, and assisted by her husband, made opposition to the sale, and prayed that it be annulled on the following grounds:

1st. That the sale of Stephenson's succession was not provoked by an administrator, or any person legally authorized; but only on the application of the widow to be confirmed in her office of tutrix, &c.; and that said sale is contrary to law, and illegal.

2d. Because there was no appraisement at the sale, and the property was adjudicated to the defendant, for less than its appraised value, in the inventory.

3d. That the order of sale was illegal, the forms of law not having been complied with, &c.; and, also, that the terms of sale are not complied with.

Upon these issues, made in the opposition to the order for the monition, the cause was tried.    The judge of probates decided, that, as the order of sale was predicated on the deliberations of a family meeting, convened for the special purpose, it was legal; and that, although the minor child had an interest in Stephenson's succession, yet it was the sale of the property of the succession, and not that of the minor; that the estate was largely in debt, and nearly the whole of it community property; and that the purchaser had complied with the conditions of sale; that, therefore, the sale was legal, and should be homologated and confirmed. From this judgment the plaintiffs in opposition appealed.

*Andrews,* for the appellants.

*Lawson,* for the appellee.

EASTERN DIST.
*January,* 1840.

MORRIS 'ET AL.
*vs.*
KEMP.

*Bullard, J.,* delivered the opinion of the court.

This is a proceeding under the act of 1834, "for the further assurance of titles at judicial sales." The appellee procured from the Court of Probates a monition, calling upon all persons who might have any right, title or claim, of any nature and description whatever, &c., &c., to show cause why the sale and adjudication to him of a certain tract of land, belonging to the estate of Stephenson, made under the authority of said court, should not be affirmed and homologated.

The tutor of the minor heir of Stephenson came forward and made opposition to the homologation of the sale, on the following grounds:

1st. Because the order of the Court of Probates, in pursuance of which the sale was made, was unauthorized by law, not having been applied for, nor provoked by any person having a right to do so, either as administrator of the succession of Stephenson, or by the tutor or co-tutor of the minor heir.

2d. Because, even supposing the order was legally given, yet the property did not sell for its appraised value.

3d. Because the terms upon which the land was sold have not been complied with.

The administrator of the estate intervened, but it is not important to notice the recusation of the judge, contained in his opposition.

Upon looking into the proceedings which led to the alienation of the land in question, we find a petition of Margaret M. Morris, late widow Stephenson, to the Court of Probates, representing that, since she was confirmed as natural tutrix of her minor child, and administratrix of the estate of her late husband, she had contracted a second marriage with A. R. Morris, without calling a family meeting to decide upon their retaining the tutorship. She, therefore, prays that a family

*A sale of property inherited by a minor, ordered by a family meeting not convoked for that purpose, and which is not shown to be necessary, is null and void, and will be set aside on an opposition to a monition for its confirmation.*

EASTERN DIST.
*January*, 1840.

A family meeting, convoked for specific and different purposes, is without authority *to order a sale* of property inherited by a minor, whose interests they are called on to protect.

meeting may be convened to deliberate on the propriety of retaining her in the tutorship, and also to deliberate on other matters relating to the administration of said estate. A family meeting was convened accordingly, and proceeded to advise that the property belonging to the estate should be sold. The advice of the family meeting was homologated, and the property was sold without regard to the appraisement.

Nothing shows, in our opinion, the necessity of the sale in question. The family meeting was convoked, for a different purpose altogether, and had no authority to direct a sale; nor does the record show that this was a case in which the property, belonging to minor heirs, could be sold without regard to an appraisement. We conclude, therefore, that the judge erred in overruling the opposition.

The judgment of the court of probates is, therefore, reversed, and, proceeding to give such judgment as should have been rendered below, it is further ordered and adjudged, that the sale of the land in question be rescinded and annulled, and that the appellee pay the costs of both courts.