Bullard, J.
delivered the opinion of the court.
This is an action brought by tho administrator of the estate of one Stephenson, to recover the price of a slave sold at the probate sale of the estate. Judgment was rendered against the purchaser and his surety, and they appealed. The appellants make two points to this court: 1. That the sale of the slave was a nullity, and conveyed no right, as was decided by this court in the case of Morris et al. v. Kemp, 14 La. Rep. 251. And 2. That if the coux’t should sustain the sale and enfoi’ce the obligation of the defendants, yet they are- entitled to security against eviction.
[450] I. The report of the case relied upon shows that the purchaser of a tract of land, at the same probate sale, obtained a monition under the Act of 1834, and that the tutor of the minor heir of Stephenson, made opposition on the ground of radical nullities in the proceedings, which led to the sale, and that the land did not sell for its appraised value. Upon appeal to this oourt the opposition was sustained, and the sale of the land cancelled. But the sale of the slave purchased by the defendant was not questioned in that case. The purchaser appears to be in the undisturbed possession of him, and as this suit is brought by the legal representative of the estate to recover the pi’ice, we concur with the judge of the distinct in opinion that it amounts to a ratification of the sale.
II. Our opinion upon this second point is but a corollary from that first expressed, for if the sale be rendered valid by ratification and the payment of the price, thei’e is no danger of eviction on the part of the estate of Stephensqn, and none is shown or even pretended from any other quarter
The judgment of the district court is therefore affirmed, with costs.